30 C.C.P.A. (Patents)

## In re CHILES.

### Patent Appeal No. 4749.

Court of Customs and Patent Appeals.

July 15, 1943.

Royal R. Rommel, of Washington, D. C., for appellant.

W. W. Cochran, of Washington, D. C., (R. F. Whitehead, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

GARRETT, Presiding Judge.

By appeal there is here brought to us for review the decision of the Board of Appeals of the United States Patent Office affirming that of the examiner rejecting all the claims, numbered 2, 3, 4, 5, and 6, of appellant's application for patent entitled "Improvements in Bottles & Bottle Closures."

Claim No. 2, which appellant states is typical, reads as follows:

"2. The combination with a cylindrical bottle neck having a circumferential zone adjacent the rim thereof provided with at least one screw thread, and a second circumferential zone next below said first zone, of a diameter substantially equal to the external diameter of said neck thread and of a height substantially greater than said first mentioned zone; of, a deep skirted cap having a skirt designed for telescopic reception over the bottle neck, the upper portion of the internal bore of said skirt being provided with at least one companion screw thread for said neck thread, the remainder of the internal bore below the cap thread being substantially cylindrical and of a diameter slightly greater than the diameter of said second circumferential zone, whereby the thread of the bottle neck functions as a guiding means for the skirt immediately upon engagement of the latter with said neck thread to facilitate telescoping the cap onto the bottle neck in the use thereof as a temporary slip-closure after its original removal from the bottle neck, and whereby the cap may be so telescoped onto the bottle neck with the thread of the cap loosely resting on the thread of the bottle neck and with the skirt of the cap partially telescoped over said second zone of the bottle neck and cooperating therewith to substantially prevent passage of vapor therebetween."

Claims 3, 4, 5, and 6 have a limitation relating to an annular neck bead.

It is thought that the structure can be visualized from the quoted claim without any detailed description otherwise.

In appellant's brief it is said: "The bottle and bottle closure forming the subject matter of the application are designed for the packaging and display of liquids and are particularly well adapted for use in packaging alcoholic beverages, such as whiskey, gin, etc., which are somewhat volatile, due to the alcoholic contents, and apt to expand when subjected to heat. They are designed particularly for use where the closure is to be initially sealed in a bottle closing position, such as by use of a revenue stamp, and, after the seal has been broken for the dispensing of a portion of the bottle content, the closure removed and replaced a great many times, either in a tight or a temporary slip-on bottle closing position."

Four references were cited in connection with the rejection as follows: Reiser et al., 589,097, Aug. 31, 1897; Rosenstock 573,484, Dec. 22, 1896; Quinn 1,351,187, Aug. 31, 1920; Terrill 2,014,093, Sept. 10, 1935.

The Terrill patent seems to be the principal reference, although the examiner further rejected the claims as being substantially met by each of the patents to Reiser et al. and Rosenstock and this rejection was also approved by the board. The patent to Quinn was cited as meeting the annular neck bead feature of claims 3, 4, 5, and 6.

The Terrill device was designed as a container for toilet preparations, chemicals,

pharmaceutical preparations, and the like. It discloses a cap and bottle neck having two different zones, the parts being so constructed that the cap may be used at will either as a temporary closure slidingly engageable with the receptacle (that is, it may be merely slipped over the neck of the bottle), or as a more permanent closure by screw-locking it in engagement with the bottle neck, threads being provided on the neck and on the inner side of the cap for that purpose. The outer diameter of the threaded portion of the upper part, or zone, of the bottle neck is less than the outer diameter of the lower zone.

Numerous reasons of appeal accompany the notice of appeal to us, and a very elaborate brief was filed on behalf of appellant in which the device of the application and the devices of the references were analyzed and compared. Under the view which we take of the case it is unnecessary for us to set out detailed descriptions.

A sample bottle said to conform to the Terrill patent device was filed and used in illustrating the argument before us and also a sample conforming to the device involved in the application. From a comparison of these, as well as from a comparison of the descriptions and drawings, we are fully convinced that, as expressed, in substance, in the brief of the Solicitor for the Patent Office, appellant did nothing more than adapt the Terrill construction, a relatively small-mouth bottle for containing toilet preparations, etc., which may be dispensed therefrom, to a larger-mouth bottle for containing whiskey and the like which may be dispensed therefrom.

It is urged that by reason of the difference in the outer diameters of the zones in the Terrill construction the cap, when merely slipped over the bottle neck, is likely to assume a tilted position and, therefore, not have a neat appearance, while in appellant's construction the outer diameters of the upper and lower zones are the same and the cap when slipped on by the bartender, after pouring the desired amount of liquor from the bottle, is in upright position.

Except for the difference in size of the bottle necks, due, of course to difference in size of the bottles (and neither the claims of the Terrill patent nor the claims of the application make reference to size), the only material distinction in structure (and we are here concerned only with structure) between the Terrill patent and the device of the application is that of the outer diameters above described.

We are unable to agree that any inventive concept was involved in making the upper and lower zones (or parts) of the bottle neck dimensionally equal and forming the cap accordingly.

We, therefore, find it unnecessary to discuss the Rosenstock and Reiser et al. references.

Certain affidavits were introduced during the presentation of the case in the Patent Office. They were discussed by the examiner, but were not referred to in the decision of the board. We have examined them and find nothing therein which would justify a change in the views above expressed.

The decision of the Board of Appeals is affirmed.

Affirmed.

LENROOT, Associate Judge, took no part in the consideration or decision of this case.